IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JACOB SMITH, on behalf of himself and similarly situated employees, | : : | CIVIL ACTION |
| Plaintiff, | : | FILED ELECTRONICALLY |
| v. | : | ON JULY 28, 2026 |
|  | : |  |
| SECURITAS CRITICAL INFRASTRUCTURE SERVICES, INC., | : : | CLASS ACTION |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## **COMPLAINT - CLASS ACTION**

Jacob Smith ("Plaintiff") brings this lawsuit against Securitas Critical Infrastructure

Services, Inc. ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage

Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*., and alleging the following:

### **JURISDICTION AND VENUE**

1.      Jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

2.      Venue in this Court is proper under 28 U.S.C. § 1391.

### **PARTIES**

3.      Plaintiff resides in Aliquippa, PA (Beaver County).

4.      Defendant is a corporate entity.  According to the Pennsylvania Department of

State's on-line "Business Search," Defendant is incorporated in Delaware and maintains a

principal address at 13900 Lincoln Park Drive, Suite 370, Herndon, VA 20171.  Meanwhile,

paystubs issued to Plaintiff list Defendant's address at 4330 Park Terrace Drive, Westlake

Village, CA 91361.

**FACTS**

5.      Defendant is the United States subsidiary of Securitas A.B., a Swedish company that purports to be one of the world's largest providers of security services.

6.      Prior to approximately December 2024, Defendant, doing business as "Paragon," provided security services at the Beaver Valley Power Station ("BVPS") in Shippingport, PA (Beaver County).

7.      Defendant employed individuals who were paid an hourly wage to provide security services at the BVPS.  We'll refer to such individuals as "guards."

8.      Defendant employed Plaintiff as a guard from around July 2023 until around December 2024.

9.      Plaintiff, like other guards, often worked over 40 hours per week.  For example, Plaintiff was credited with working over 62 hours during the week ending October 17, 2024.

10.      On each workday, Defendant generally started paying Plaintiff and other guards based on a scheduled start-time.  For example, if Plaintiff was scheduled to work the 6:00 a.m. - 6:00 p.m. shift, then he generally started getting paid at 6:00 a.m.

11.      Plaintiff and other guards generally received no compensation for time associated with mandatory activities arising on the BVPS premises before the start of the scheduled shift. Such unpaid activities include, for example:  (i) walking over a quarter-mile from the BVPS entrance to a building referred to as the "primary access facility" ("PAF"); (ii) waiting for and undergoing body scan, bag check, and metal detection procedures at the PAF; (iii) walking from the PAF to a building commonly referred to as the "security building;" (iv) checking a "matrix" posted inside the security building and listing daily job assignments; (v) obtaining mandatory protective gear such as hard hats, safety glasses, and gloves; (vi) obtaining duty belts, pepper

spray, handcuffs, radios, keys, firearms, and ammunition; (vii) loading/checking firearms; and (viii) waiting for the commencement of a "daily briefing" meeting.

12.    On each workday, Defendant generally stopped paying Plaintiff and other guards based on the time at which they were signed-out by management (usually a Lieutenant) stationed inside the security building.

13.    Plaintiff and other guards generally received no compensation for time associated with mandatory activities arising on the BVPS premises after they were signed-out at the security building.  Such unpaid activities include, for example:  (i) walking from the security building to the PAF; (ii) waiting for and undergoing scans for radioactive particles; and (iii) walking over a quarter-mile from the PAF to the BVPS exit.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings his legal claim as a class action per Federal Rule of Civil Procedure 23 on behalf of all individuals who were employed by Defendant and paid an hourly wage to provide security services at the BVPS during any time after July 28, 2020.  *See Commonwealth Dept. of Labor & Industry v. Accuserve Pharmacy, Inc.*, 2014 Pa. Dist. & Cnty. Dec. LEXIS 1366 (Pa. Ct. Com. Pl., Westmorland Cty. June 27, 2024) (Smail, J.) (six-year limitations period applies to PMWA claims).[1]

15.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

---

[1]  Judge Smail's opinion holding that a six-year limitations period applies to PMWA claims conflicts with several federal district court opinions summarily applying a three-year limitations period.  *See, e.g., Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925 n. 4 (W.D. Pa. 2011).  Judge Smail's opinion has been appealed to the Commonwealth Court and is docketed at 1280 CD 2024.  Plaintiff, of course, is open to adjusting the pled class period as necessary based upon the Commonwealth Court's future ruling in the *Accuserve Pharmacy* appeal.

3

16.    The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.  In this regard, Plaintiff, upon information and belief, conservatively estimates that the class includes at least 50 individuals.

17.    Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

18.    Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

19.    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

21.    All previous paragraphs are incorporated as though fully set forth herein.

22.    Defendant is an employer covered by the PMWA's mandates.

23.    Plaintiff and the class members are employees entitled to the PMWA's protections.

24.    The PMWA entitles employees to compensation for "all hours worked" in a workweek.  *See* 43 P.S. § 333.104(a).  Such compensable time includes, *inter alia*, all "time

during which an employee is required by the employer to be on the premises of the employer," id., and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021). As such, time associated with the mandatory pre-shift and post-shift activities referenced in paragraphs 10-13 is compensable under the PMWA. *See*, *e.g.*, *Davis v. Target Corp.*, 767 F. Supp. 3d 185 (E.D. Pa. 2025) (granting summary judgment in favor of warehouse workers seeking PMWA wages for time associated with walking to and from job assignments at beginning and end of workday).

26. The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

26. Defendant violated the PMWA by failing to pay Plaintiff and other class members statutory wages for time associated with the pre-shift and post-shift activities described at paragraphs 10-13.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) all statutorily-owed regular and overtime wages; (ii) prejudgment interest; and (iii) any costs and reasonable attorney's fees as may be allowed by the court.

Date:  July 28, 2026

Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC

5

715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

6